```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                                        :
VINCENT DIMODICA,                                       :
                                                        :
                              Plaintiff,                :
                                                        :       05 Civ. 2165 (GEL) (FM)
       -against-                                        :
                                                        :       **OPINION AND ORDER**
UNITED STATES DEPARTMENT                                :
OF JUSTICE,                                             :
                                                        :
                              Defendant.                :
                                                        :
--------------------------------------------------------x
```

GERARD E. LYNCH, District Judge:

Plaintiff *pro se* Vincent DiModica brought this action against defendant United States Department of Justice ("DOJ") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), alleging that DOJ failed to respond to his FOIA request of July 2, 2004. DOJ answered DiModica's complaint on October 11, 2005, and amended that answer on October 31, 2005, adding a mootness defense based on DOJ's claim that it had since responded to DiModica's request. Some time on or before November 10, 2005, DiModica moved to strike DOJ's asserted defenses pursuant to Fed. R. Civ. P. 12(f) and requested leave to amend "the scope of this action" (Pl. Decl. Supp. Mot. Strike C) pursuant to Fed. R. Civ. P. 15(a). DOJ responded to DiModica's motion to strike on December 1, 2005, and moved to dismiss the complaint for lack of subject matter jurisdiction. DiModica has not replied to DOJ's response or responded to DOJ's motion. For the reasons stated below, DiModica's motion to strike and request for leave to amend will both be denied, and DOJ's motion to dismiss will be granted.

**BACKGROUND**

On July 2, 2004, DiModica sent a FOIA request to Executive Office for United States Attorneys ("EOUSA") in Washington, D.C., requesting:

> A copy of the relevant document(s) which indicates that the newly hired government Attorney's [sic] who begin to work in the office while a full-field FBI background clearance investigation is being conducted[] are duly authorized to represent the United States on any of those "certain cases" Ms. Gladney referred to in her affidavit (at paragraph (3)) . . . .

(Kornmeier Decl. Ex. A.) The affidavit referred to by DiModica was attached to his request, and paragraph three of that affidavit reads as follows:

> The position of assistant United States attorney requires satisfactory completion of a full-field background investigation. The standard procedure followed nationwide by the Office of Attorney Resource Management is to hire new attorneys for a conditional 14 month period, which allows the attorney to begin work on certain cases while the background investigation is being conducted. Therefore, many of the attorneys hired are sworn in as duly appointed assistant United States attorneys twice – the first when they begin in the office, which is generally on their first day, and the second sometime soon after their full-field background investigation is completed.

(Id.) DiModica's request stems from his presumably ongoing effort to challenge a previous criminal conviction on the ground that the Assistant United States Attorney assigned to his case "was not legally authorized to represent the United States." (Pl. Decl. Supp. Mot. Strike ¶ 17.)

Having not received a response to his July 2, 2004, FOIA request, DiModica sent an "appeal" letter to the DOJ Office of Information and Privacy ("OIP") on August 13, 2004, and then filed this action on November 1, 2004. On November 30, 2004, EOUSA responded to DiModica's FOIA request, informing him that it had found a responsive document, but that it would not be providing him with the document because it had originated with a separate

government agency who would instead respond to his request. (Kornmeier Decl. ¶ 12.) According to DOJ, the responsive document was then forwarded from EOUSA to OIP because EOUSA believed OIP was the agency in which the document originated. (Id. ¶ 14.) OIP was not, in fact, the correct agency of origination, and on December 22, 2004, OIP informed EOUSA that the document in fact originated in the Justice Management Division ("JMD"). (Id. ¶ 15.) Almost a year later, on October 27, 2005 – a delay resulting from "recent relocation of its offices" according to DOJ (id. ¶ 16) – EOUSA received authorization from JMD and released the document to DiModica. (Id. ¶ 17.) DiModica claimed on November 10, 2005, that he had not yet received the document (Pl. Decl. Supp. Supplemental Mot. Strike ¶ 4), but because the document was included in DOJ's papers served on DiModica in response to his motion (see Kornmeier Decl. Ex. B) there can be little doubt that he is in possession of it now.

The document produced by EOUSA in response to DiModica's FOIA request is a thirteen-page regulation entitled "Employment Security Regulations" that "provides for the designation of all Department of Justice (DOJ) positions in terms of their suitability and sensitivity, the investigative requirements for all such positions, and sets forth the security processing and adjudication requirements regarding investigations for employment in the jurisdiction of the DOJ." (Id. Ex. B at 1.)

## DISCUSSION

I. DiModica's Motion to Strike DOJ's Affirmative Defenses

In its amended answer DOJ asserts four defenses: failure to state a claim, lack of subject matter jurisdiction, failure to exhaust administrative remedies, and mootness. (Am. Answer ¶¶ 19-22.) DiModica argues that all four defenses should be stricken under Fed. R. Civ. P. 12(f)

because they are "insufficient and impertinent" (Pl. Decl. Supp. Mot. Strike ¶ 42) and because he never received the document DOJ claims to have produced (Pl. Decl. Supp. Supplemental Mot. Strike ¶ 4).[1] In support of this argument, DiModica notes that Chief Judge Mukasey of this Court ordered DOJ to reply to the complaint under the Prison Litigation Reform Act, and claims that there is "sufficient evidence to show that administrative remedies were completely exhausted." (Pl. Decl. Supp. Mot. Strike ¶ 39.)

Fed. R. Civ. P. 12(f) provides that a defense may be stricken if it is "insufficient" or "redundant, immaterial, impertinent, or scandalous." There is nothing about DOJ's defenses that could be characterized as scandalous, and DiModica does not advance that argument. Nor are the defenses redundant. Furthermore, it is clear that DOJ's defenses are material and pertinent, as all four bear directly on the ability of this Court to provide DiModica with the relief he seeks. DiModica's only remaining argument for striking the defenses is that they are insufficient. To show that a defense is insufficient, DiModica must show "(1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense." S.E.C. v. McCaskey, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999). Without yet reaching the question of whether any of DOJ's defenses could succeed, which will be discussed below, DiModica has made no claim or showing that inclusion of any of the defenses would prejudice him in any way – his only argument is that they fail on the merits (Pl. Decl. Supp. Mot. Strike ¶

---

[1] DiModica's supplemental notice of motion does not explicitly move to strike DOJ's mootness defense under Fed. R. Civ. P. 12(f). However, his supplemental motion, construed liberally and in connection with his initial motion, will be read to extend his initial motion to strike to the mootness defense added in DOJ's amended answer.

39). It is difficult to see how any prejudice could result from any of DOJ's asserted defenses, as they all relate to jurisdictional defects or failure to state a claim. Therefore, because the defenses result in no prejudice to DiModica, his motion to strike is denied.

II. DOJ's Motion to Dismiss for Lack of Subject Matter Jurisdiction

DOJ moves to dismiss DiModica's claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) on two grounds: that DiModica has failed to exhaust his administrative remedies and that DiModica's claims are moot because DOJ has responded to his FOIA request. While this Court must take as true all factual allegations set forth in DiModica's complaint, "[o]n a motion under Fed. R. Civ. P. 12(b)(1) challenging the district court's subject matter jurisdiction, the court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." Antares Aircraft, L.P. v. Federal Republic of Nigeria, 948 F.2d 90, 96 (2d Cir. 1991). Perhaps because of this need to look beyond the pleadings to determine jurisdictional facts, DOJ included a "Notice to Pro Se Litigants" in its motion to dismiss that informed DiModica that his claims could be resolved without a trial unless he provided "affidavits or other papers" such as perhaps a "sworn statement of fact based on personal knowledge." This sort of evidence is necessary because "[t]he burden of proving jurisdiction is on the party asserting it." Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996). DiModica has provided no response to DOJ's motion to dismiss. Therefore, this Court must rely solely on the factual allegations in DiModica's complaint and his declarations in support of the motion to strike in resolving the jurisdictional issues raised by DOJ.

DOJ first argues that this Court lacks subject matter jurisdiction because DiModica did not exhaust his administrative remedies after EOUSA's initial response to his FOIA request.

This argument fails for two reasons.  First, "[w]hile FOIA requires the exhaustion of administrative remedies as a precondition to suit, that requirement is not jurisdictional." Megibow v. Clerk of the United States Tax Court, 04 Civ. 3321, 2004 WL 1961591 (S.D.N.Y. Aug. 31, 2004) (citing Hidalgo v. F.B.I., 344 F.3d 1256, 1259 (D.C. Cir. 2003)).  In the FOIA context administrative exhaustion is merely a prudential consideration.  See Wilbur v. C.I.A., 355 F.3d 675, 677 (D.C. Cir. 2004) ("exhaustion is a prudential consideration, rather than a jurisdictional prerequisite").

Regardless, DOJ's exhaustion argument is based on a misreading of the record.  DOJ acknowledges that "[i]f an agency fails to respond to a FOIA request altogether . . . the person making the FOIA request 'shall be deemed to have exhausted his administrative remedies.'" (Def. Mem. Opp. Mot. Strike 9, quoting Greene v. F.B.I., 92 Civ. 3401, 1993 WL 288132, at *3 (S.D.N.Y. July 26, 2003) (citations omitted).)  DOJ denies that this doctrine of constructive exhaustion is applicable here because "on November 30, 2004, i.e., prior to the filing of this action on February 4, 2005, EOUSA issued its final determination concerning [DiModica's request]." (Id.)  Based on the claim that EOUSA issued a final determination before DiModica filed this action, DOJ argues that DiModica was "required to pursue actual exhaustion of his administrative remedies, and he may not avail himself of the constructive exhaustion provisions of the FOIA." (Id. 10.)  That would indeed be the case if DiModica's action had been filed on February 4, 2005.  However, because DiModica is incarcerated, his complaint is deemed filed when it was delivered to prison officials for mailing, Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993), which occurred on November 1, 2004 (Compl. 7).  This Court's *Pro Se* Office received DiModica's complaint on November 3, 2004, but it was not docketed until February 4, 2005.

(Id.)  This later date is irrelevant when determining when DiModica "filed" the action. Therefore, DOJ's argument is inapposite.  DiModica filed his complaint on November 1, 2004, a full four months after sending his FOIA request, and one month before EOUSA finally responded.  DiModica had not failed to exhaust his administrative remedies at the time the complaint was filed.

DOJ next argues that DiModica's claim has been rendered moot by the eventual production of a document in response to his FOIA request.  Once a claim becomes moot, federal courts lose jurisdiction over the action.  See Fox v. Bd. of Trustees, 42 F.3d 135, 139-40 (2d Cir. 1994).  To determine whether an action is moot it is first necessary to determine what relief the plaintiff seeks.  DiModica's complaint – filed on November 1, 2004, before DOJ claims to have sent him the responsive document on October 27, 2005 – alleges that DOJ has not provided "the requested documents [in response to] his July 2, 2004, FOIA [a]ction."  (Compl. 7.)  The complaint clearly seeks an order from this Court commanding DOJ to respond to his FOIA request.  (Id.)  However, DOJ *has* responded to DiModica's FOIA request, if not on October 27, 2005, when it claims to have sent him the responsive document, then certainly on November 30, 2005, when DOJ's responsive papers, including a copy of the document, were served on DiModica.  At the time of his complaint, the relief sought by DiModica was perfectly proper, since DOJ had not yet responded to his FOIA request, but this Court cannot now order DOJ to respond when DOJ has already done so.

This is not a case where plaintiff claims that the government's production is not responsive to his request, or that the government has improperly withheld certain responsive documents.  Such a claim of less than full disclosure cannot be mooted simply by providing a

response, for in that case a court must still address plaintiff's claim that he should have received additional documents. See, e.g., Pitts v. Comm'r of Internal Revenue, 05 Civ. 1313, 2005 WL 1278528 (S.D.N.Y. May 10, 2005). DiModica complains, however, not of inadequate production, but rather of *no* production. Therefore, DOJ's production of the responsive document moots DiModica's complaint, which will therefore be dismissed for lack of subject matter jurisdiction.

III. DiModica's Request for Leave to Amend the Complaint

DiModica's declaration in support of his motion to strike contains the following request: "Assuming, *arguendo*, that the defendant actually provides the documentation requested by the plainti[f]f, the plaintiff respectfully requests that the court consider granting leave to amend the request to include whatever further discovery is necessary and appropriate . . . ." (Pl. Decl. Supp. Mot. Strike ¶ 43.)[2]

As DOJ points out, DiModica does not identify what claims or allegations he proposes to add to the complaint. (D. Mem. Opp. Mot. Strike 15.) Of course, because DiModica sought leave to amend the complaint before he received DOJ's responsive document, and because the purpose of the request seems to be to amend the complaint based on his review of the (at that time) hypothetical document produced by DOJ, it is not surprising that DiModica did not, at the time of his request, know how he would want to amend his complaint, or even if such an amendment would be necessary.

---

[2] Although this language suggests that DiModica is seeking leave to amend his FOIA request, rather than the complaint, in the next paragraph of his declaration DiModica makes clear that he is seeking to amend a pleading under Fed. R. Civ. P. 15(a). (Pl. Decl. Supp. Mot. Strike ¶ 44.)

We are no longer dealing with hypotheticals. DiModica has had the document produced by DOJ for well over a month. In that time he has not replied to DOJ's response to his motion to strike, he has not responded to DOJ's motion to dismiss, and he has failed to revisit his motion to amend following his receipt of the document. In light of DiModica's silence the Court can only assume that he has received the responsive document and that it meets with his approval. The unstated yet anticipated defects in DOJ's response that precipitated DiModica's request to amend have evidently not come to pass. Therefore, DiModica's request will be denied as moot.

## CONCLUSION

DiModica's motion to strike (Doc. #13) and supplemental motion to strike (Doc. #14) are denied. DOJ's motion to dismiss (Doc. #15) is granted because DiModica's complaint is now moot. DiModica's request to amend the complaint is denied.

SO ORDERED.

Dated: New York, New York
January 11, 2006

GERARD E. LYNCH
United States District Judge